IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

_____
                                    )
SANFORD A. MOHR AND TINA A. MOHR,   )
                                    )
            Plaintiffs,             )
                                    )
     vs.                            )  Civ. No. 16-00493 ACK-RLP
                                    )
DEUTSCHE BANK NATIONAL TRUST        )
COMPANY AS TRUSTEE, ET AL.,         )
                                    )
            Defendants.             )
_____    )

**ORDER GRANTING DEFENDANT BNC'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING IN PART AND DENYING IN PART
DEFENDANT MLB'S SUBSTANTIVE JOINDER**

        For the reasons set forth below, the Court GRANTS

Defendant BNC Mortgage, Inc.'s Motion for Summary Judgment, ECF

No. 51, and GRANTS IN PART and DENIES IN PART Intervenor-

Defendant MLB SUB I, LLC's Substantive Joinder to Defendant BNC

Mortgage, Inc.'s Motion for Summary Judgment, ECF No. 53, as

follows:

        1. To the extent that it seeks the same relief as that

           sought by BNC in BNC's Motion for Summary Judgment,

           the Substantive Joinder is GRANTED.

        2. To the extent that it seeks additional relief beyond

           the relief sought by BNC in BNC's Motion for Summary

           Judgment, the Substantive Joinder is DENIED.

# BACKGROUND

## I.    The 2004 Mortgage Transaction and Default

This dispute arises from a transaction that took place in 2004 when, to refinance their home mortgage, Sanford and Tina Mohr ("Plaintiffs") executed a promissory note with subprime lender and named Defendant Finance America, LLC ("Finance America").  BNC's Concise Statement of Facts ("CSF") ¶ 2, ECF No. 52; Pls.' CSF ¶ 1, ECF No. 87.  The note was secured by a mortgage (the "Mortgage") executed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as sole nominee for Finance America, and serviced by Defendant HomEq Servicing Corporation ("HomEq").  See BNC's CSF Ex. 2, ECF No. 52-3.  The parties executed the loan documents memorializing the transaction on April 16, 2004.  Id.; see also Pls.' CSF ¶ 1.

Six months later, Plaintiffs stopped making payments on their Mortgage.  BNC's CSF ¶ 3.  In response, Finance America and MERS advised Plaintiffs in March 2005 that they intended to begin non-judicial foreclosure proceedings.  Id.  Plaintiffs in turn sent letters to Finance America, Defendant Deutsche Bank National Trust Company as Trustee ("Deutsche Bank"), and HomEq purporting to rescind the Mortgage based on alleged violations of the Truth In Lending Act ("TILA").  See id.; Pls.' CSF ¶ 3.

## II.  The State-Court Action

On April 19, 2005, Plaintiffs filed a complaint, ECF
No. 38-4, in Hawai`i state court against, <u>inter alia</u>, Finance
America, HomeEq, MERS, and Deutsche Bank seeking declaratory and
monetary relief based on these alleged violations.  In response,
Finance America and MERS cancelled the planned non-judicial
foreclosure sale.  BNC's CSF ¶ 4.  Plaintiffs filed their First
Amended Complaint, ECF No. 38-14 ("FAC"), on January 31, 2006.
In it, Plaintiffs allege, in relevant part, that they are
entitled to (1) rescission of the Mortgage under TILA; (2)
damages under TILA; and (3) damages under Hawai`i's unfair or
deceptive acts or practices ("UDAP") law.  <u>See</u> FAC, Counts I-
III.  The First Amended Complaint also asserts a cause of action
to quiet title based on Defendants' apparent intention to
initiate foreclosure proceedings.  <u>Id.</u> Count V.

Plaintiffs and Defendant BNC Mortgage, Inc. ("BNC")
negotiated a settlement in 2008, though the parties disagree on
the precise timeline and outcome.  <u>See</u> BNC's CSF ¶ 6; Pls.' CSF
¶ 5.  Under the agreement, Plaintiffs were to tender the
proceeds of the loan less certain bank charges and interest, and
BNC would release the Mortgage.  BNC's CSF ¶ 6.  The parties
agree and the record shows that BNC executed and recorded a
document releasing the Mortgage on December 10, 2008.  <u>Id.</u> Ex.
4-I, ECF No. 52-5; <u>see also</u> Pls.' CSF ¶ 6.  The record also

shows that BNC then recorded a document rescinding and cancelling the release, BNC's CSF Ex. 6-1, ECF No. 52-7, which it apparently did when Plaintiffs failed to pay the agreed-upon amount to satisfy the judgment. <u>See</u> BNC's Mot. Summ. J. ("MSJ") at 3, ECF No. 51-1.

### III. Subsequent Reassignments of the Mortgage

Movant BNC became the owner of the Mortgage in 2005 when it merged with Finance America. MSJ at 2 n.3; <u>see also</u> ECF No. 38-30. On July 25, 2013, MERS, as nominee for Finance America—which had since merged with BNC—assigned the Mortgage to BNC's parent company, Lehman Brothers. Opp. Ex. A-3, ECF No. 86-1. Thereafter, on April 22, 2014, Lehman Brothers assigned the Mortgage to MLB. <u>Id.</u> Ex. A-4; BNC's CSF Ex. 3, ECF No. 52-4. MLB asserts that it is now the current owner of the Mortgage. MLB's CSF at 2, ECF No. 54.

### IV. The Bankruptcy Proceedings

BNC filed for bankruptcy in 2009, and the case was consolidated with that of its parent company, Lehman Brothers Holdings, Inc. ("Lehman Brothers"), which had filed for bankruptcy shortly beforehand.[1/] BNC's CSF ¶¶ 7-8. In light of

---

[1/] The consolidated bankruptcy action is captioned <u>in re Lehman Brothers Holdings Inc., et al.</u>, Case No. 08-13555(SCC) (Jointly Administered), in the United States Bankruptcy Court for the Southern District of New York. BNC's CSF ¶ 8.

the bankruptcy proceedings, the state-court action was stayed. MSJ at 3.

While the stay was in place, Plaintiffs filed a proof of claim, ECF No. 52-5 ("POC"), in the bankruptcy proceedings appearing to seek the same relief sought in the state-court action:  rescission and damages under TILA and UDAP.  The proof of claim attached a copy of the First Amended Complaint as the basis for the claim.  See POC Ex. A.  In response, the plan administrator, for Lehman Brothers objected to Plaintiffs' proof of claim "on BNC's behalf."  BNC's CSF Ex. 5, ECF No. 52-6.

In a supplemental objection, ECF No. 52-7 ("Suppl. Obj."), the plan administrator argued that Plaintiffs' claims were invalid on several additional grounds:  (1) BNC no longer possessed any interest in the loan, so it could not rescind the Mortgage; (2) Plaintiffs were not entitled to rescission because they failed to plead that they could tender the loan amount; (3) the claims for TILA damages were barred by the one-year statute of limitations; and (4) any state-law claims rested on the same facts as the alleged TILA violations and were thus preempted. On April 23, 2015, following a hearing attended by Plaintiffs, the bankruptcy court issued an order, ECF No. 52-8, granting the

objection and disallowing and expunging Plaintiffs' claim in its entirety, with prejudice (the "Bankruptcy Order").[2/]

## V.    Procedural Background

This case came before the Court after MLB moved to intervene in the state-court action, which the state court allowed on August 5, 2016.  ECF No. 39-18.  MLB then removed the case on September 6, 2016, ECF No. 1, asserting federal question and diversity jurisdiction.[3/]

On March 8, 2018, after the bankruptcy stay was lifted, BNC filed the instant Motion for Summary Judgment, ECF No. 51, along with a concise statement of facts, ECF No. 52. MLB then filed a Substantive Joinder to BNC's Motion ("Joinder"), as well as its own CSF.  ECF Nos. 53 & 54.  On March 22, 2018, at Plaintiffs' request, Magistrate Judge Puglisi entered an order to stay the case until December 31, 2018, ECF No. 63, and the Court administratively withdrew BNC's Motion and MLB's Joinder, ECF No. 64.  After the stay was lifted, the Court

---

[2/]  The Bankruptcy Order was issued under Section 502(b) of the Bankruptcy Code, which provides that if an "objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition and shall allow such claim in such amount," except for certain exceptions.
[3/]  Plaintiffs argue that removal was improper because MLB removed the case before its motion to intervene had been granted.  Opp. at 5-6. Plaintiffs are mistaken:  MLB removed the case one month after the state court granted its motion to intervene.  ECF Nos. 1 & 39-18.  Regardless, Plaintiffs' challenge to the removal on procedural grounds is untimely.  See 28 U.S.C. § 1447 (requiring any challenge to removal "on the basis of any defect other than lack of subject matter jurisdiction" to be made within 30 days of the notice of removal).

- 6 -

reinstated the motions. ECF No. 71. Plaintiffs then sought yet another continuance of the hearing on BNC's Motion, which this Court granted. ECF Nos. 82 & 84.

Plaintiffs filed opposition briefing ("Opposition") in response to the Motion and the Joinder on May 20, 2019, ECF Nos. 86 & 88, and BNC filed its reply on May 24, 2019, ECF No. 90. The Court held a hearing on the Motion and Joinder on Monday, June 10, 2019. ECF No. 93.

## STANDARD

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Federal Rule of Civil Procedure 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Broussard v. Univ. of Cal., 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (citing Celotex, 477 U.S. at 323); see

also <u>Jespersen v. Harrah's Operating Co.</u>, 392 F.3d 1076, 1079 (9th Cir. 2004). "When the moving party has carried its burden under Rule 56[(a)] its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a genuine issue for trial." <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574, 586–87 (1986) (citation and internal quotation marks omitted); <u>see also</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247–48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." <u>In re Barboza</u>, 545 F.3d 702, 707 (9th Cir. 2008) (citing <u>Anderson</u>, 477 U.S. at 248). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. <u>Matsushita Elec. Indus. Co.</u>, 475 U.S. at 587; <u>see also</u> <u>Posey v. Lake Pend Oreille Sch. Dist. No. 84</u>, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn in his favor" (internal citation and quotation omitted)).

The Court concludes that relitigation of Plaintiffs TILA and UDAP claims is barred by the doctrine of res judicata. Thus, BNC and MLB are entitled to summary judgment on Counts I, II, and III of the First Amended Complaint. In its Joinder, MLB seeks further relief—a declaration that the Mortgage is a valid and subsisting lien or, alternatively, a judgment against Plaintiffs for the outstanding loan amount. Joinder at 2, ECF No. 53. By doing so, MLB seeks relief beyond the scope of BNC's initial Motion. Because a substantive joinder is not the proper vehicle for a party to independently move for summary judgment, the Court declines to rule upon the status or ownership of the Mortgage, or to impose a judgment against Plaintiffs for the outstanding loan amount.

## I. Res Judicata

Plaintiffs' claims against BNC and MLB seek relief in the form of (1) damages under TILA, (2) rescission under TILA, (3) damages under state-law UDAP claims; and (4) an action to quiet title. See FAC. Defendants BNC and MLB argue that the 2015 Bankruptcy Order disallowing Plaintiffs' TILA and UDAP claims bars relitigation of those claims now before this Court. See MSJ at 6-12; Joinder at 6. The Court agrees.

Because the Bankruptcy Order is a federal-court judgment, federal common law applies. U.S. ex. Rel Barajas v.

Northop Corp., 147 F.3d 905, 909 (9th Cir. 1998) ("The

preclusive effect of a federal-court judgment is determined by

federal common law."). "Res judicata bars relitigation of all

grounds of recovery that were asserted, or could have been

asserted, in a previous action between the parties, where the

previous action was resolved on the merits." Id. To prevail on

res judicata grounds, the moving party must show "(1) an

identity of claims; (2) a final judgment on the merits; and (3)

identity or privity between parties." Ruiz v. Snohomish Cty.

Pub. Util. Dist. No. 1, 824 F.3d 1161, 1164 (9th Cir. 2016).

### a. Identity of Claims

The relevant factors weigh in favor of a finding that

Plaintiffs' claims in this action and the prior bankruptcy

action are the same. When examining the identity of claims,

courts apply four criteria:

> (1) whether rights or interests established
> in the prior judgment would be destroyed or
> impaired by prosecution of the second
> action; (2) whether substantially the same
> evidence is presented in the two actions;
> (3) whether the two suits involve
> infringement of the same right; and (4)
> whether the two suits arise out of the same
> transactional nucleus of facts.

United States v. Liquidators of European Fed. Credit Bank, 630

F.3d 1139, 1150 (9th Cir. 2011). The last factor is considered

the most important. Chambers v. Springs Indus., Inc., 979 F.2d

854, 854 (9th Cir. 1992) (unpublished).

- 10 -

The Ninth Circuit has "long recognized the flexibility inherent in the res judicata determination with respect to identity of claims." <u>Liquidators of European Fed. Credit Bank</u>, 630 F.3d at 1150 (quoting <u>Costantini v. Trans World Airlines</u>, 681 F.2d 1199, 1202 n.7 (9th Cir. 1982)). A "[plaintiff] cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action or by pleading a new legal theory." <u>McClain v. Apodaca</u>, 793 F.2d 1031, 1034 (9th Cir. 1986). And a party cannot merely present an "extension of facts" already presented in a prior lawsuit. <u>Chambers</u>, 979 F.2d at 854.

Here, Plaintiffs seek to revive the exact same claims that were dismissed by the bankruptcy court. Not only do both the present and prior actions relate to the same mortgage transaction; they also arise from the same factual predicates, under the same legal theories and causes of action, framed in the same way. In fact, in the bankruptcy action, Plaintiffs relied word-for-word on their claims as outlined in the operative complaint in this case. <u>See</u> POC. They attached the First Amended Complaint to their proof of claim and provided few, if any, additional facts or arguments. <u>Id.</u> Ex. A.

The claims in the present action are the same as those in the prior action and Plaintiffs fail to identify any genuine factual issue in this regard. In their Opposition, Plaintiffs

assert that their claims are not "identical" to the bankruptcy claim because their "claims are now far greater because Plaintiffs have uncovered proof of a conspiracy to create a fraudulent chain of title on Plaintiffs' property . . . ." Opp. at 14, ECF No. 86. Plaintiffs cannot avoid claim preclusion by asserting in broad strokes allegations of "fraud" or "forgery" involving the same mortgage or assignment underlying their prior, disallowed claim. If anything, these allegations are merely an "extension of facts" already presented in the bankruptcy action, or facts that could have been raised in the bankruptcy action. See Chambers, 979 F.2d at 854; see also Ardalan v. White, 58 F. App'x 350, 350 (9th Cir. 2003) (holding that district court properly dismissed action "because all of the claims alleged therein had either been fully and fairly litigated in her prior district court action or could have been litigated in that action").

Even to the extent that Plaintiffs allege newly-discovered fraud or fraud taking place during or after the bankruptcy proceeding, the claims for which BNC and MLB now seek summary judgment—the TILA and UDAP claims—necessarily relate to their alleged conduct in connection with the initial Mortgage. And any allegations related to BNC's and MLB's conduct in subsequent assignments of the Mortgage could have been raised in the proof of claim and litigated by the bankruptcy court.

All things considered, Plaintiffs' claims arise from
the same transactional nucleus of facts as the claims resolved
by the Bankruptcy Order.  There is no reason why Plaintiffs
could not have raised in their proof of claim any of the related
"forgery" or "fraud" allegations raised now in their Opposition
before the Court.  BNC and MLB have thus satisfied the first
element of res judicata as to Plaintiffs' claims challenging the
validity of the Mortgage and assignments.

### b. Final Judgment on the Merits

Plaintiffs' proof of claim in the bankruptcy
proceedings was resolved with an order granting the plan
administrator's objection and disallowing and expunging
Plaintiffs' claims with prejudice, ECF No. 52-8, which
Plaintiffs never appealed.  That Bankruptcy Order constitutes an
adjudication on the merits.  See Siegel v. Fed. Home Loan Mortg.
Corp., 143 F.3d 525, 529-30 (9th Cir. 1998) (holding that "a
bankruptcy court's allowance or disallowance of a claim is a
final judgment" for purposes of res judicata); see also McClain,
793 F.2d at 1033 (recognizing the preclusive effect of a prior
bankruptcy-court decision).

That the Bankruptcy Order contains no substantive
analysis addressing the arguments made in the claim and
objection does not change the fact that it is final and "on the
merits."  In fact, the Ninth Circuit has held that a separate

order is not a prerequisite for res judicata to attach.  Siegel,
143 F.3d at 530 (calling the lack of a separate order "a
distinction without a difference").  Still, the bankruptcy court
did issue an order here.  The Bankruptcy Order granted relief
consistent with the "legal and factual bases set forth in the
Objection to Claim," which had challenged Plaintiffs' claims on
several substantive grounds.  See Bankr. Order at 1.  The
objection argued that the rescission claims were improper
against BNC, that TILA damages were barred by the statute of
limitations, and that the state-law claims were preempted.
Suppl. Obj. at 5-10.  Disallowance on these grounds is final and
on the merits for purposes of res judicata.  Cf. Tahoe-Sierra
Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d
1064, 1081 (9th Cir. 2003) ("The Supreme Court has unambiguously
stated that a dismissal on statute of limitations grounds is a
judgment on the merits." (citing Plaut v. Spendthrift Farm,
Inc., 514 U.S. 211, 228, 115 S. Ct. 1447 (1995))).

     While a contested claim is not a precondition to
determining that a bankruptcy-court order is "on the merits,"
see, e.g., EDP Med. Comput. Sys., Inc. v. United States, 480
F.3d 621 (2d Cir. 2007), the court here issued its judgment upon
review of the administrator's objections and following a
detailed hearing on the parties' positions.  See Bankr. Order.
Plaintiffs surely had the opportunity to "fully and fairly"

litigate their claims before the bankruptcy court.  <u>Cf.</u> <u>Ardalan</u>,
58 F. App'x at 350.

The bankruptcy court's resolution of Plaintiffs' proof
of claim was a final judgment on the merits, and BNC and MLB
have satisfied the second element of res judicata.

### c. Identity or Privity Between Parties

Finally, there is identity or privity between the
parties to the earlier bankruptcy proceeding and the parties to
the present action.  Plaintiffs here were also the claimants in
the bankruptcy action.  <u>See</u> POC.  Likewise, BNC was a party to
the consolidated bankruptcy proceedings, and the plan
administrator purported to act on its behalf.  <u>See</u> Suppl. Obj.
at 1.  Thus, there is identity of parties with respect to
Plaintiffs and Defendant BNC.  The relationship between
Intervenor-Defendant MLB and the earlier bankruptcy objectors
requires more attention, but this Court concludes that there is
sufficient identity or privity for res judicata to apply.

Even if parties in two actions are not identical, they
may be in privity if there is "substantial identity" or
"sufficient commonality of interest" between them.  <u>Tahoe-
Sierra</u>, 322 F.3d at 1081.  Several relationships justify a
finding of privity or identity for res judicata purposes:
relevant here, a non-party who succeeded to a party's interest
in property or a non-party whose interests were represented

adequately by a party in the earlier suit.  Id. (quoting In re
Schimmels, 127 F.3d 875, 881 (9th Cir. 1997)).  Courts have also
found privity where there is "substantial identity" between the
party and nonparty or where "the interests of the nonparty and
party are 'so closely aligned as to be virtually
representative.'"  Id. (quoting Schimmels, 127 F.3d at 881).

The Ninth Circuit has "made clear . . . that privity
is a flexible concept dependent on the particular relationship
between the parties in each individual set of cases."  Tahoe-
Sierra, 322 F.3d at 1081; see also United States v. ITT
Rayonier, Inc., 627 F.2d 996, 1003 (9th Cir. 1980) ("Courts are
no longer bound by rigid definitions of parties or their privies
for purposes or applying collateral estoppel or re judicata.").
Successor parties with the common interest of enforcing a
mortgage are in privity or identity for res judicata purposes.
See, e.g., Amina v. WMC Fin. Co., 329 F. Supp. 3d 1141, 1159 (D.
Haw. 2018) (holding that parties shared "substantial commonality
of interest related to enforcement of the Mortgage in
question"), app'l filed Jan. 29, 2019; Chadwick v. SBMC Mortg.,
No. 17-00178 JMS-RLP, 2017 WL 3445645, at *3 (D. Haw. Aug. 10,
2017) ("Privity exists between mortgage assignees and
assignors.").

Here, the record shows that Intervenor-Defendant MLB
shares a commonality of interest with the earlier parties as to

the Mortgage at issue.  With the passage of time, the Mortgage

has been reassigned several times.  MSJ at 2-3.  The most recent

assignment suggests that Lehman Brothers assigned the Mortgage

to MLB in 2014.[4/]  See Opp. Ex. A-3.  By virtue of these

assignments of the Mortgage, MLB is a successor in interest to

Lehman Brothers and BNC.

Because the relationships between the parties to the

earlier bankruptcy action and the parties to the present action

are sufficiently close and their interests sufficiently aligned,

the parties are in privity for purposes of the res judicata

analysis.  Accordingly, Defendant BNC and Intervenor-Defendant

MLB have satisfied all three elements of res judicata.

Plaintiffs have not identified any genuine issue or material

fact to justify relitigation of any of its three claims.

### d. Exceptions to Res Judicata

Res Judicata is subject to some "narrow exceptions."

Maxim v. Dalton, 48 F.3d 1228, 1228 (9th Cir. 1995).  Plaintiffs

in their Opposition seem to imply that a fraud or fairness

exception applies here.  See Opp. at 7, 13-18.  Specifically,

Plaintiffs assert that, after the bankruptcy decision, they

discovered certain red flags indicative of a forgery in the

---

[4/] Plaintiffs dispute that MLB has any interest in the Mortgage.  See
Opp. at 8-9.  The Court declines to decide, for purposes of this motion, the
valid owner to the Mortgage.  But for purposes of res judicata, the Court
treats MLB as a successor in interest because any TILA and UDAP claims
against MLB necessarily would treat it as such.

Mortgage documents and subsequent assignments.  Id.  Plaintiffs

argue that their prior counsel "ignored" these concerns of

forgery, which led Plaintiffs to only discover it after the

Bankruptcy Order.  Id. At 7.

First, a party cannot simply point to alleged

shortcomings or errors by counsel to avoid application of res

judicata.  See Owens v. Kaiser Found. Health Plan, Inc., 244

F.3d 708, 714 (9th Cir. 2001) (rejecting the plaintiff's

argument that its counsel's failure to challenge a motion in the

prior action meant that res judicata would not bar later review

on the merits).  The Ninth Circuit has recognized that "there is

'no principle of law or equity which sanctions rejection by a

federal court of the salutary principle of res judicata.'"  Id.

(holding that there are no "equitable exceptions to the

application of res judicata based on 'public policy' or 'simple

justice'") (quoting Federated Dep't Stores, Inc. v. Moitie, 452

U.S. 394, 101 S. Ct. 2424 (1981), abrogated on other grounds by

Rivet v. Regions Bank of La., 522 U.S. 470, 118 S. Ct. 921

(1998)).

Second, to the extent that the Ninth Circuit

recognizes a fraudulent-concealment exception to res judicata,

it requires that Plaintiffs plead with particularity a

"deliberate misrepresentation" and facts establishing that they

"acted with reasonable diligence in trying to discover the

- 18 -

allegedly concealed information." <u>Costantini</u>, 681 F.2d at 1202;

<u>see also</u> <u>Bailey v. United States</u>, 42 F. App'x 79, 80 (9th Cir.

2002); <u>see also</u> Fed. R. Civ. P. 9(b) ("In alleging fraud or

mistake, a party must state with particularity the circumstances

constituting fraud or mistake.").  Plaintiffs' blanket

allegations of "forgery" and "material alteration" of documents,

and their assertion that they only learned of the alleged fraud

after the bankruptcy decision, <u>see</u> Opp. at 7, do not meet this

high standard.[5/]  Plaintiffs also fail to allege with

particularity anything to suggest that, at the time of the

bankruptcy proceeding, Defendants intentionally concealed

information or prevented Plaintiffs from learning of their

claims or causes of action.[6]  <u>Cf.</u> <u>Costantini</u>, 681 F.2d at 1203

(noting that cases in which the fraud exception has applied

involved "situations where defendant's misconduct prevented

plaintiff from knowing, at the time of the first suit, either

that he had a certain claim or else the extent of his injury").

Plaintiffs have failed to allege with particularity

any fraudulent concealment by Defendants to overcome the

---

[5/]  The Court notes that Plaintiffs themselves acknowledge the high
pleading standard for fraud-based claims in their Opposition.  <u>See</u> Opp. at
17-18.

[6/]  Plaintiffs assert that the parties—Plaintiffs and Defendants MLB and
BNC—have relied on "two materially different sets of mortgage documents."
Opp. at 7, ECF No. 86.  What Plaintiffs don't offer is (1) any detail about
the nature of the purported forgery or (2) any specific differences between
the Mortgage document relied upon by them, ECF Nos. 38-4 & 38-14, and the one
relied upon by Defendants, ECF No. 54-2.

application of res judicata principles.  Because Plaintiffs'
TILA and UDAP claims are otherwise barred by res judicata,
Defendant BNC and Intervenor-Defendant MLB are entitled to
summary judgment on all three claims, Counts I-III of the First
Amended Complaint.

## II.  MLB's Substantive Joinder

MLB filed what it calls a "substantive joinder" to
BNC's Motion under Local Rule 7.9.[7/]  ECF. No. 53.  MLB's Joinder
was timely filed on March 15, 2018, and it attaches a
supplemental memorandum as the Rule requires.  <u>See</u> Fed. R. Civ.
P. 7.9.  MLB seeks for itself "the same relief sought by
Defendant BNC" <u>and</u> "summary judgment that the Mortgage has not
been rescinded and MLB be entitled to foreclose on its Note and
Mortgage, or in the alternative, judgment in the amount
Plaintiffs . . . received under the Note and Mortgage (less
interest, finance charges, etc.)."  Joinder at 2.

A substantive joinder under Local Rule 7.9 is a
vehicle "through which a party may seek for itself the same
relief the movant seeks."  <u>Pascua v. Option One Mortg. Corp.</u>,

---

[7/] Local Rule 7.9 states, in relevant part,

Except with leave of court based on good cause, any substantive joinder
in a motion or opposition must be filed and served within seven (7)
days of the filing of the motion or opposition joined in. "Substantive
joinder" means a joinder based on a memorandum supplementing the motion
or opposition joined in. If a party seeks the same relief sought by the
movant for himself, herself, or itself, the joinder shall clearly state
that it seeks such relief so that it is clear that the joinder does not
simply seek relief for the original movant.

No. 14-00248 SOM/KSC, 2014 WL 4180947, at *1 n.1 (D. Haw. Aug.
20, 2014); see also Hyland v. Office of Housing & Cmty. Dev.,
No. 15-00504 LEK-RLP, 2018 WL 4119903, at *3 ("A party filing a
substantive joinder may 'seek[] the same relief sought by the
movant for himself, herself, or itself."). By its own
admission, MLB's Joinder seeks additional relief, beyond that
sought in the joined Motion. First, the Joinder seeks a
declaration that the Mortgage "remains a valid subsisting lien
with the same priority and position." Joinder at 6. And
second, the Joinder asks the Court to render a judgment against
Plaintiffs in what MLB alleges to reflect the amount of the
outstanding mortgage. Id. at 2.

        As a practical matter, MLB appears to be moving for
summary judgment on Plaintiffs' claim to quiet title, as alleged
in Count V of the First Amended Complaint. BNC's Motion, on the
other hand, only seeks summary judgment based on res judicata as
to Counts I through III of the First Amended Complaint—the TILA
and UDAP claims. See MSJ at 1. In this regard, MLB's Joinder
goes beyond "supplementing" the joined Motion.

        Because a Rule 7.9 substantive joinder limits the
joining party to the same relief sought by the original movant,
MLB's Joinder seeks relief beyond what the Rule permits. Thus,
to the extent that MLB seeks relief beyond that which is sought
in BNC's Motion, the Court holds that the Substantive Joinder is

procedurally improper.  In the event that MLB wishes to pursue such additional relief, it should file a separate motion for summary judgment on its own behalf.[8]

## CONCLUSION

For the foregoing reasons, the Court GRANTS BNC's Motion for Summary Judgment, ECF No. 51.  Res judicata bars relitigation of Plaintiffs' claims for (1) rescission under TILA, (2) damages under TILA, and (3) damages under state-law UDAP.  The Court GRANTS IN PART and DENIES IN PART Intervenor-Defendant MLB's Substantive Joinder, ECF No. 53, as follows:

1. To the extent that it seeks the same relief for MLB as BNC's Motion seeks for BNC, MLB's Substantive Joinder to BNC's Motion for Summary Judgment on Plaintiffs' TILA and UDAP claims is GRANTED;

2. To the extent that it seeks summary judgment that the Mortgage is a valid lien owned by MLB, and a judgment against Plaintiffs for the outstanding loan amount, MLB's Substantive Joinder is DENIED.

---

[8]  Under the operative scheduling order, the deadline for filing dispositive motions is October 16, 2019.  R. 16 Sched. Order, ECF No. 79.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, June 13, 2019.



_____
Alan C. Kay
Sr. United States District Judge

<u>Mohr v. Deutsche Bank National Trust Company as Trustee, et al.</u>, Civ. No. 16-00493-ACK-WRP, Order Granting BNC's Motion for Summary Judgment and Granting in Part and Denying in Part Defendant MLB's Substantive Joinder.