IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

_____ )
SANFORD A. MOHR and TINA A.      )
MOHR, Individually and as        )
Co-Trustees of their October 15, )
1996 unrecorded revocable trust, )
                                 )
          Plaintiffs,            )
                                 )
     vs.                         ) Civ. No. 16-00493 ACK-WRP
                                 )
MLB SUB I, LLC; JOHN DOES 1-20;  )
JANE DOES 1-20; DOE PARTNERSHIPS )
1-20; DOE CORPORATIONS 1-20; and )
DOE ENTITIES 1-20,               )
                                 )
          Defendants.            )
_____)

## ORDER GRANTING PLAINTIFFS' MOTION TO STAY JUDGMENT & DECREE OF FORECLOSURE PENDING APPEAL

Plaintiffs Sanford and Tina Mohr have moved the Court for a stay of the Court's April 13, 2020 order, ECF No. 150, which granted summary judgment to Defendant MLB Sub I ("MLB") and issued a decree of foreclosure authorizing MLB to proceed with foreclosing on the subject property (with some time restrictions in light of the ongoing COVID-19 pandemic). See ECF No. 160 (the "Motion to Stay"). For the reasons discussed below, the Court GRANTS the Mohrs' Motion to Stay and will allow the subject property to act as security under Federal Rule of Civil Procedure ("Rule") 62(b), without any additional bond requirement.

- 1 -

## BACKGROUND

Rather than reciting the long and complex history of this case, the Court focuses on those events relevant to the Motion before it now.[1]  The Mohrs filed their initial complaint in Hawai`i state court in 2005 seeking rescission of a note and mortgage on their home.  See ECF No. 38-4.  On April 13, 2020, after several years of litigation in federal court, two bankruptcies, and the dismissal of several claims against different defendants, this Court ultimately granted summary judgment to MLB and issued a decree of foreclosure authorizing MLB to foreclose on the mortgage against Plaintiffs' interest in the subject property.  See ECF No. 150 (the "Foreclosure Order").[2]  The Court reserved the question of the precise amount of the secured debt to be determined after the confirmation of sale.  Id. at 37.  Notably, MLB did not purport to seek a deficiency judgment to collect any debt exceeding the value of the subject property, and counsel for MLB confirmed as much at the summary-judgment hearing.  See Foreclosure Order at 36 n.25.

On May 7, 2020, the Mohrs filed a notice of appeal, ECF No. 155, and one week later they filed the Motion to Stay.

---

[1]  The Court's prior summary-judgment orders contain more detailed factual and procedural history.  See ECF No. 94 at 2-7; ECF No. 150 at 2-10.
[2]  In light of the Foreclosure Order being issued in the midst of the ongoing COVID-19 pandemic, the Court directed the appointed commissioner to hold off on commencing any actions to foreclose on the subject property until further order of the Court.  Accordingly, no meaningful progress has been made in the foreclosure proceedings.

In their Motion, the Mohrs ask the Court to (1) stay the foreclosure proceedings pending the Ninth Circuit's decision on the merits of the appeal and (2) allow the subject property to act as collateral in lieu of a supersedeas bond.  Mot. to Stay at 5-6.  MLB opposed the Motion to Stay and requests that the Court require the Mohrs to—at a minimum—post a supersedeas bond valued at two years of rental income on the property.  See Opp., ECF No. 163.

The Court held a hearing on the Motion to Stay on June 26, 2020.  Counsel represented that the Mohrs are dealing with debilitating health and financial issues, which make posting a bond impossible.  Because the Motion to Stay failed to address the Mohrs' inability to afford any meaningful bond amount, the Court directed counsel to submit an affidavit addressing their predicament.  That affidavit was filed on July 6.  ECF No. 166. In it, the Mohrs maintain that they continue to face financial hardship resulting from their ongoing health problems, as well as added health and economic difficulties resulting from the COVID-19 pandemic.  ECF No. 166.

**LEGAL FRAMEWORK**

The Mohrs do not identify what subsection of Rule 62 is the basis for the relief they seek.  That said, it appears

from the substance of their arguments that they intend to invoke
subsection (b)'s stay by "bond or other security."[3/]

      Rule 62(b), which was recently amended in 2018,
provides that "[a]t any time after judgment is entered, a party
may obtain a stay by providing a bond or other security."  Under
the new Rule, a stay upon appeal is not automatic, but "a party
is entitled to a stay of the judgment as a matter of right upon
posting a bond or security."  United States v. Birdsong, No. CV
17-72-M-DWM, 2019 WL 1026277, at *1 (D. Mont. Mar. 4, 2019)
(citing Am. Mfrs. Mut. Ins. Co. v. Am. Broad-Paramount Theatres,
Inc., 87 S. Ct. 1, 3 (1966)), aff'd, 804 F. App'x 687 (9th Cir.
2020).  The purpose of the bond or security is to protect the
prevailing party "from the risk of a later uncollectible
judgment and [to] compensate[] him for delay in the entry of the
final judgment."  NLRB v. Westphal, 859 F.2d 818, 819 (9th Cir.
1988).  Stays under Rule 62(b) only apply to money judgments.[4/]
See id.

---

[3/] In its Opposition, MLB operated on the assumption that the Mohrs were
relying on Rule 62(b).  The Mohrs did not file a reply brief and did not
challenge this framework at the hearing, so the Court operates on that
assumption as well.  Moreover, the Mohrs' use of the term "supersedeas bond"
suggests that they may be referencing the pre-amendment version of Rule
62(b)—formerly Rule 62(d)—or perhaps the Hawaii state-court rule.  The Mohrs
also premise their relief on a Hawaii statute that governs the procedure for
cancelling or postponing a sale.  See Mot. to Stay (citing Haw. Rev. Stat.
667-20.1).  That provision does not provide any mechanism for obtaining a
stay of foreclosure proceedings pending appeal in a federal case.

[4/] Here, "foreclosure is merely a mechanism to enforce the money
judgment," so the Mohrs' motion "is properly construed as a motion to stay
the judgment under Rule 62(b)."  Birdsong, 2019 WL 1026277 at *1 (citing
Deutsch Bank Nat'l Tr. Co. as Tr. For GSAA Home Equity Tr. 2006-18 v.
Cornish, 759 F. App'x 503, 507-05 (7th Cir. Feb. 6, 2019)).

Even before Rule 62 was amended in 2018, it had long been the law in this circuit that district courts had discretion to modify or waive the bond requirement.  Int'l Telemeter v. Hamlin Int'l Corp., 754 F.2d 1492, 1495 (9th Cir. 1985) (citing Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979)).  District courts typically exercised discretion to fashion a different arrangement when a debtor could show either "a present financial ability" to satisfy the judgment, or that requiring a bond would "impose an undue financial burden."  Poplar Grove, 600 F.2d at 1191; see also Philadelphia Indem. Ins. Co. v. Ohana Control Sys., Inc., No. CV 17-00435-SOM-RT, 2020 WL 3013105, at *1-2 (D. Haw. June 4, 2020) (collecting cases); Steinberger v. IndyMac Mortg. Servs., No. CV-15-00450-PHX-ROS, 2017 WL 6032532, at *2 (D. Ariz. Feb. 23, 2017) (discussing various factors to decide whether the bond requirement under the old rule should be waived or modified).

The new language now "makes explicit the opportunity to post security in a form other than a bond."  See Fed. R. Civ. P. 62(b) Advisory Committee note to 2018 amendments (emphasis added); see also Deutsch Bank Nat'l Tr. Co. as Tr. For GSAA Home Equity Tr. 2006-18 v. Cornish, 759 F. App'x 503, 509 (7th Cir. Feb. 6, 2019) (noting the "newly expressed flexibility" in the amended rule); Philadelphia Indem., 2020 WL 3013105 at *2

(explaining how the 2018 amendments "codified" the prior court decisions allowing discretion on the type of security).  In foreclosure cases in particular, the new language "gives more explicit support for treating the property in a mortgage foreclosure appeal as sufficient security, at least as long as the property is occupied and cared for."[5/]  <u>Cornish</u>, 759 F. App'x at 509-10 (explaining that, in foreclosure cases, "the norm should be a stay pending appeal, absent unusual circumstances showing that the security interest in the underlying property does not provide sufficient protection for the lender-appellee"); <u>see also</u> <u>Birdsong</u>, 2019 WL 1026277 at *2 (granting a stay of foreclosure proceedings pending appeal without requiring a bond).

## <u>DISCUSSION</u>

The narrow issue before the Court is whether a supersedeas bond is required in these circumstances to entitle the Mohrs to a stay of the foreclosure proceedings pending appeal.  The Mohrs ask the Court to stay enforcement of the

---

[5/] Although <u>Cornish</u> is an unpublished Seventh Circuit decision, this Court finds its reasoning and analysis of the new language in Rule 62 persuasive.  There is no Ninth Circuit authority on point, and other district courts in this circuit have cited <u>Cornish</u> favorably.  <u>See, e.g.</u>, <u>Philadelphia Indem.</u>, 2020 WL 3013105 at *1-2; <u>Birdsong</u>, 2019 WL 1026277 at *1.  Moreover, the Ninth Circuit has previously found Seventh Circuit authority interpreting other parts of Rule 62 in the foreclosure context to be persuasive.  <u>See</u> <u>NLRB v. Westphal</u>, 859 F.2d 818, 819 (9th Cir. 1988) (citing favorably <u>Donovan v. Fall River Foundry Co.</u>, 696 F.2d 524 (7th Cir. 1982)).

Foreclosure Order in return for their offer of alternate security in the form of the subject property.  Mot. to Stay at 5-6.  MLB in response argues that the property alone would be "woefully inadequate," and that the Court should require the Mohrs to post a supersedeas bond to account for the roughly $500,000 difference between the total debt owed and the value of the property.  Opp. at 5-7.  They argue in the alternative that the Court should require a bond valued at two years of rental income, to protect MLB's interest for the duration of the appeal.  See id.

        As an initial matter, the Mohrs advocate for an approach similar to the one taken by the Hawai`i Supreme Court in Shanghai Inv. Co. v. Alteka Co., 92 Haw. 482, 993 P.2d 516 (2000), overruled on other grounds by Blair v. Ing, 96 Haw. 327, 31 P.3d 184 (2001).  This Court is not bound by Shanghai, however.  Shanghai is a state supreme court opinion applying Hawai`i state-court procedural rules, which are irrelevant to litigation in federal court.  See Vacation Vill., Inc. v. Clark Cty., Nev., 497 F.3d 902, 913-14 (9th Cir. 2007) ("'[F]ederal courts are to apply state substantive law and federal procedural law.'" (quoting Hanna v. Plumer, 380 U.S. 460, 465, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965)) (alteration in Vacation Vill.)).  For that reason, the Court declines to apply Shanghai.

Turning then to the appropriate authority, the Court must consider whether Federal Rule 62(b) entitles the Mohrs to a stay with the subject property acting as security instead of a bond.  As alluded to earlier, the new version of the Rule allows the Court flexibility to "balance fairly the appellant-debtor's appeal rights with the lender-appellee's right to security pending appeal."  Cornish, 759 F. App'x at 509-10.  Doing so leads to the conclusion that a stay pending appeal is generally appropriate in a foreclosure case where the party who prevailed in district court has an existing interest in the property.  See Id. at 504-05 ("[S]tays pending appeal should be the norm in mortgage foreclosure appeals.").  Said another way, "[t]he lender has the security it bargained for—its interest in the property—to protect its interests during the appeal.  Without a stay, on the other hand, the typical residential borrower will suffer irreparable damage (eviction from the home) during the appeal."  Id.  This approach is consistent with the plain language of the amended Rule 62(b) and accords with the pre- and post-amendment practice of district judges in this circuit using their discretion in foreclosure cases to waive or reduce bond requirements.  Compare In re Moore, No. BR 10-00771, 2012 WL 12887390, at *1 (D. Haw. Aug. 9, 2012) (discussing prior order in which the court "reduced the bond significantly"), with Birdsong, 2019 WL 1026277 at *2 (granting motion to stay without

requiring a posting of a bond) and Donges v. USAA Fed. Sav.
Bank, No. CV-18-00093-TUC-RM, 2019 WL 3208076, at *3 (D. Ariz.
July 16, 2019) (same).

Upon consideration of the facts and circumstances of
this case, the Court concludes that the foreclosure proceedings
should be stayed pending a decision on the merits of the Mohrs'
appeal.  Balancing the interests of both parties here, it is on
the one hand obvious how failing to stay the proceedings could
irreparably harm the Mohrs in the event they win on appeal.
While the likelihood of the Mohrs succeeding on appeal is—in the
Court's view—low, the Mohrs are of course entitled to take
advantage of their right to appeal.  In the meantime, a stay
would be appropriate.  See Birdsong, 2019 WL 1026277 at *2
(noting the "equitable concerns" raised by not imposing a stay
because "if the properties are sold in a judicial sale, [the
debtor]'s appeal will be effectively rendered moot").  On the
other hand, the Court recognizes the valuable interest MLB has
in enforcing its judgment and minimizing any further loss.

With these competing interests in mind, the Court
concludes that using the property as an alternate form of
security pursuant to Rule 62(b) is sufficient to minimize the
potential harm to MLB during the pendency of the appeal.  Stays
under Rule 62(b) are, after all, meant to "preserve the status
quo."  Bass v. First Pac. Networks, Inc., 219 F.3d 1052, 1055

(9th Cir. 2000).  Here, the subject property offers security against any risk of MLB being unable to collect on the judgment. Accord Birdsong, 2019 WL 1026277 at *2 (citing Westphal, 89 F.2d at 819).  This debt has been mounting for over twenty years, during which time the Mohrs have continued living on the property.  The Mohrs have also made clear throughout this litigation and in the recent affidavit they submitted that they continue to face substantial financial and health problems.  As noted, it is well within the Court's discretion to allow the already-secured property to continue acting as collateral, particularly if the debtor has shown that requiring a bond would "impose an undue financial burden."  See Philadelphia Indem., 2020 WL 3013105 at *1-2 (quoting Poplar Grove, 600 F.2d at 1191).

    And although the Mohrs vehemently deny that MLB is entitled to foreclose on the note and mortgage, it is evident that the proceeds from the sale of the property would be the only way for MLB to collect on any substantial portion of the judgment.  See Birdsong, 2019 WL 1026277 at *2 (reasoning that because the properties were the "only hope" for collecting on the judgment, treating them as security "merely maintains the status quo"); see also Philadelphia Indem., 2020 WL 3013105 at *1-2 (explaining the circumstances where a judge may use discretion to allow a stay without a bond, including the debtor

showing "a present financial ability" to satisfy the judgment (quoting Poplar Grove, 600 F.2d at 1191)).  If that were not enough, counsel for MLB at the summary-judgment hearing conceded that MLB did not seek a deficiency judgment for the amount of the outstanding loan balance above the sale price; it simply sought to foreclose to collect on the value of the property.

        For these reasons, allowing the Mohrs to use the property as security for the judgment maintains the status quo and adequately balances the interests of both parties.  The Foreclosure Order already required the Mohrs to continue to preserve the property by maintaining insurance, paying property taxes, and avoiding any action that could result in a decrease in value.  See Foreclosure Order at 41-42.  Accordingly, staying the case pending appeal with the property as security, would continue to protect MLB's interests to the same extent they are protected now.  MLB has shown no evidence "that the property is not being properly cared for, nor that the security interest is not properly protected by the payment of insurance and property taxes."[6/]  Donges, 2019 WL 3208076 at *3 (granting a stay without

---

        [6/]  MLB's argument that it may suffer ongoing prejudice because "the Mohrs have admitted to not obtaining property insurance" is disingenuous.  Opp. at 4 n.3; see also id. ("[T]he Mohrs state that they . . . will purchase insurance upon the grant of their Motion.").  The Mohrs simply represent that they "will" continue to pay the appropriate taxes and insurance necessary to maintain the property.  Mot. to Stay at 5 ("Mohrs will pay the taxes and maintain the property adequately insured . . . during the pendency of this appeal.");  Decl. of Tina A. Mohr ¶ 5 ("[W]e will keep the home adequately (Continued . . . )

any bond requirement); see also Cornish, 759 F. App'x at 504-05 (holding that an interest in the subject property "should provide adequate security in most cases, at least so long as the property is cared for and protected by insurance and payment of property taxes").

In sum, upon careful consideration of the facts and circumstances of this case, the Court finds that a stay of the foreclosure proceedings with the property as collateral will adequately protect MLB's interests while also maintaining the status quo so as not to prejudice the Mohrs in the event they succeed on appeal.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Mohrs' Motion to Stay, ECF No. 160, and orders that the effect of the Court's April 13, 2020 Foreclosure Order is hereby STAYED pending the Mohrs' appeal before the Ninth Circuit. The subject property will hereby operate to secure MLB's interests during the pendency of the appeal. The Mohrs are ordered to continue complying with the portion of the Foreclosure Order requiring preservation of the property in its current condition. Foreclosure Order at 41-42. The Mohrs shall also continue to

---

insured against casualty loss and continue to maintain it in the present condition so it does not depreciate."). The Court rejects MLB's attempt to use these statements as "evidence" of prejudice.

maintain adequate insurance, pay property taxes, and avoid any action that could result in a depreciation of the property's value.  The Mohrs are required to submit timely evidence of such payments directly to MLB's counsel; if they fail to do so, MLB may move the Court for supplementary relief.  Likewise, should the property begin to deteriorate in value or should other circumstances arise that may put MLB's interest in the property at risk, MLB may move the Court for supplementary relief.


          IT IS SO ORDERED.

          DATED: Honolulu, Hawai`i, July 7, 2020.


                         _____
                         Alan C. Kay
                         Sr. United States District Judge


Mohr v. MLB SUB I, LLC, et al., Civ. No. 16-00493-ACK-WRP, Order Granting Plaintiffs' Motion to Stay Judgment and Decree of Foreclosure Pending Appeal.